IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CIRON B. SPRINGFIELD,

       Plaintiff,              No.  2:13-cv-0809 KJN P

   vs.

K. ALLEN, et al.,

       Defendants.       ORDER

_____/

      Plaintiff is a state prisoner, proceeding without counsel or "pro se", in an action brought under 42 U.S.C. § 1983.  Plaintiff requests that the court appoint counsel.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the

1  plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and

2  limited law library access, do not establish exceptional circumstances that warrant a request for

3  voluntary assistance of counsel.

4          Having considered the factors under Palmer, the court finds that plaintiff has

5  failed to meet his burden of demonstrating exceptional circumstances warranting the

6  appointment of counsel at this time.

7          Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the

8  appointment of counsel (ECF No. 13) is denied without prejudice.

9  DATED:  July 26, 2013

10

11

12  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

13  spri0809.31

14

15

16

17

18

19

20

21

22

23

24

25

26