UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIRON B. SPRINGFIELD,<br><br>              Plaintiff,<br><br>    v.<br><br>K. ALLEN, et al.,<br><br>              Defendants. | No. 2:13-cv-0809 KJM AC P<br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff is a state prisoner, currently incarcerated at California State Prison, Los Angeles County (CSP-LAC), who proceeds pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action proceeds on plaintiff's First Amended Complaint (FAC) filed May 8, 2013.[1] ECF No. 10.

    Currently pending is defendants' motion to dismiss premised on plaintiff's alleged failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 302(c), and Local General Order No. 262. For the reasons that follow, this court finds that this action duplicates plaintiff's claims in an earlier-

---

[1] As defendants note, the FAC is plaintiff's original complaint re-filed after plaintiff signed and dated it as directed by the court. See ECF No. 4. Plaintiff's exhibits attached to his original complaint, ECF No. 1, remain part of the record. See ECF No. 8 at 2.

filed case, Springfield v. Singh, Case No. 2:12-cv-02552 KJM AC P, and recommends that the instant action be dismissed without prejudice to plaintiff pursuing his claims in his first-filed action.

On January 28, 2014, the district judge issued a Related Case Order, relating this case to Springfield v. Singh, Case No. 2:12-cv-02552 KJM AC P. See ECF No. 26. On August 14, 2014, the undersigned denied defendants' motion to consolidate these cases, without prejudice to a renewal of the motion upon resolution of the motions then pending in Singh. ECF No. 31. In that order, the undersigned noted the following similarities and distinctions between the cases:

> In Springfield v. Singh, Case No. 2:12-cv-2552 KJM AC P (hereafter, Singh action), plaintiff . . . alleg[es] due process violations in the gang validation investigative process and/or plaintiff's continued or extended placement in administrative segregation. These claims are stated against sixteen defendants at three separate facilities . . . . Plaintiff also proceeds on claims of deliberate indifference to a serious mental health condition against six of these defendants. Among the sixteen defendants in the Singh action are defendants Allen, Singh and Arnold who are also the defendants against whom plaintiff proceeds in the later-filed Springfield v. Allen case, No. 2:13-cv-0809 KJM AC P (hereafter, Allen action).
>
> The allegations of the Singh action encompass a broader period of time (from March 21, 2011 to September 4, 2012) than do those of the Allen action (from August 4, 2011 to January 25, 2012). Compare ECF No. 21 (amended complaint) in the Singh action to ECF No. 10 (operative complaint) in the Allen action. As defendants observe, the allegations of the second case (Allen) focus more narrowly on defendants located at a single facility, CMF, and on specific unit and/or institutional classification hearings held on August 25, 2011; January 11, 2012; January 18, 2012 and January 25, 2012. In the Allen action, there is an additional alleged due process violation asserted as to two of the hearings, the alleged absence of a 72-hour notice prior to the hearings, among otherwise similar or identical allegations of violations of due process.

ECF No. 31 at 2 (fn. omitted).

In reviewing the merits of defendants' motions for summary judgment and for dismissal in Singh, based on plaintiff's alleged failure to exhaust administrative remedies and alleged failure to state a cognizable claim, the undersigned is persuaded that plaintiff is challenging the same matters in both actions, as to defendants Allen, Singh and Arnold. Although plaintiff has attempted to be more specific in the instant action, his allegations against each defendant herein

2

are also reflected in Singh.  More importantly, plaintiff's allegations herein are necessarily premised on and framed by the same exhausted administrative appeals analyzed in detail in Singh (Appeal Log No. CMF-11-01421).  This renders plaintiff's claims stronger in Singh because the exhibits therein demonstrate, inter alia, that plaintiff's challenged gang validation was rescinded based on an administrative finding that plaintiff was denied due process, while this factor is not asserted in the instant case.

A federal court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  Landis v. North American Co., 299 U.S. 248, 254 (1936).  In the federal district court system, "the general principle is to avoid duplicative litigation."  Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976) (citations omitted).  "As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit."  Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000) (citing Colorado River, 424 U.S. at 817).  "[S]imple dismissal of the second suit is [a] common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time."  Curtis, 226 F.3d at 138-39 (citations omitted).

"[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Adams v. Calif. Dept. of Health Services, 487 F.3d 684, 689 (9th Cir. 2007) (citations omitted). The undersigned is persuaded that plaintiff's claims against defendants Singh, Allen and Arnold, as set forth in both Singh and Allen, involve identical parties, arose from the "same transactional nucleus of facts," allege "infringement of the same right[s]," and depend upon the "same evidence."  Id. (citation and internal quotations marks omitted).  In addition, the only relief plaintiff seeks in Allen is punitive damages, which is included in plaintiff's claim for both punitive damages and injunctive relief in Singh.

The undersigned's contemporaneous review of the operative complaints, supporting exhibits and respective motions to dismiss in both cases demonstrates that all of plaintiff's claims in the instant case are duplicated in Springfield v. Singh, Case No. 2:12-cv-2552 KJM AC P.  For

3

1  this reason, the undersigned recommends that the instant action be dismissed without prejudice.

2        Accordingly, IT IS HEREBY RECOMMENDED that:

3        1.  This action be dismissed without prejudice to plaintiff pursuing his claims herein in his first-filed action, Springfield v. Singh, Case No. 2:12-cv-2552 KJM AC P.  See Fed. R. Civ. P. 41(b).

6        2.  Defendants' motion to dismiss, ECF No. 32, and motion to strike, ECF No. 40, be denied as moot.

8  These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court, which shall be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **No extensions of time will be granted, due to exigencies of time within the court.**  A copy of any objections filed with the court shall also be served on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 23, 2015

                                           /s/ Allison Claire
                                           ALLISON CLAIRE
                                           UNITED STATES MAGISTRATE JUDGE